which showed that the tribunal was regularly constituted; and that having shown this, the acts of that court were to be presumed to be correct, and that it was not competent for the plaintiff to show their irregularity.

THE COURT also decided that an alien was not liable to militia duty, and that the naturalization of Charles Slade, the plaintiff's father, could not be proved by parol.

Verdict for plaintiff, $50.

SLADE (SUCKLEY v.). See Cases Nos. 13,-587 and 13,588.

SLADE (UNITED STATES v.). See Case No. 16,312.

SLAFTER (OXFORD IRON CO. v.). See Case No. 10,637.

SLATER (ALRICKS v.). See Case No. 259.

SLATER (CALVERT v.). See Case No. 2,-326.

SLATER MUT. FIRE INS. CO. (HIDDEN v.). See Case No. 6,463.

## Case No. 12,938.

The SLAUGHTER HOUSE CASE.

[See Case No. 8,408.]

SLAUGHTER HOUSE CO. (BUTCHERS' ASS'N v.). See Case No. 2,234.

SLAYMAKER (UNITED STATES v.). See Case No. 16,313.

## Case No. 12,939.

The S. L. DAVIS.

[6 Blatchf. 138; [1] 2 N. B. R. 3.]

Circuit Court, S. D. New York.   May 29, 1868.[2]

SALVAGE—CARGO—PROPERTY OF UNITED STATES.

A cargo of cotton belonging to the United States, on transportation, on freight, under bills of lading, on board of a vessel, from Savannah, Georgia, to New York, is liable to contribute, in a suit in rem against vessel and cargo, toward compensation for salvage services rendered to the vessel and cargo.

[Cited in The Siren, 7 Wall. (74 U. S.) 161.]

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in rem, filed in the district court, against the schooner S. L. Davis and a cargo of cotton, on transportation by her from Savannah, Georgia, to the city of New York, to recover for salvage services. The cotton belonged to the United States, and was shipped by a treasury agent of the United States, under bills of lading, which provided that he should pay freight at the rate of fifteen cents per ton per day, registered tonnage, dangers of the seas excepted. The cotton was attach-

ed, in this suit, before its delivery to, or acceptance by, the agent of the United States at New York. The district court dismissed the libel as to the cotton, holding that it was not liable to contribute [case unreported], and, from such dismissal, the libellant appealed to this court.

Charles Donohue, for libellant.

William M. Evarts, for the United States.

NELSON, Circuit Justice. The only question in this case is, whether the cotton is liable to contribute. The salvage service is not in dispute, and was exceedingly meritorious, and saved the vessel and cargo, the former valued at $8,000, and the latter at $150,000. The court below allowed $19,500 for salvage, which I think not unreasonable, regarding the condition and imminent peril of the vessel, and the value of the cargo on board.

The mere fact of the ownership of the cotton by the government, in the act of being carried to its port of destination for the purposes of a market, as merchandise, did not, I think, exempt it from the lien in case of salvage service. I shall not enter into an argument in support of this position, as the subject, or rather a kindred one—the liability of property of the government for general average—and the present question incidentally, have been most elaborately examined by Mr. Justice Story, in U. S. v. Wilder [Case No. 16,694]. I am inclined, also, to the opinion, that it is the doctrine of the admiralty in England (The Marquis of Huntly, 3 Hagg. Adm. 246,) and of the most approved modern elementary writers on the subject in this country (1 Pars. Mar. Law, p. 324, bk. 1, c. 9; 2 Pars. Mar. Law, p. 625, bk. 3, c. 7; Marv. Wreck & Salv. § 122. See, also, The Santissima Trinidad, 7 Wheat. [20 U. S.] 283.

The decree below dismissing the libel as to the cotton is reversed, and a decree will be entered charging it with contribution, with costs.

[On appeal to the supreme court the above decree was affirmed. 10 Wall. (77 U. S.) 15.]

SLEEPER (JONES v.). See Case No. 7,496.

SLEEPER v. PING. See Cases Nos. 12,940 and 12,941.

## Case No. 12,940.

SLEEPER et al. v. PUIG et al.

[10 Ben. 181.] [1]

District Court, S. D. New York.  Dec., 1878.[2]

SHIPPING — CHARTER — DEMURRAGE — DISPATCH — EXPENSE OF DISCHARGE—COMMISSION ON ADVANCES.

1. Where a vessel is to have "dispatch for discharging," the time to be allowed is meas-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Affirmed in 10 Wall. (77 U. S.) 15.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]
[2] [Affirmed in Case No. 12,941.]